Louise WILEY, and All Other Persons Similarly Situated, Plaintiffs,

v.

The OKLAHOMA NATURAL GAS COMPANY and the Corporation Commission of the State of Oklahoma, Defendants.

No. 42432.

Supreme Court of Oklahoma.

July 10, 1967.

Joe Cannon, Bethany, for plaintiffs.

Robert A. Huffman, John L. Arrington, Jr., Frederic Dorwart, Lupardus, Holliman & Huffman, Tulsa, for defendant Oklahoma Natural Gas Co.

T. Earl Curb, Oklahoma City, Gen. Counsel for the Corporation Commission, for defendant Corporation Commission of Oklahoma.

JACKSON, Chief Justice.

Louise Wiley, for herself and others similarly situated, has filed an original action in this Court praying this Court to declare gas rate increases for Oklahoma Natural Gas Company in 1957 and 1963 void, and then require refunds in the amount of the "overpayments" resulting from the void orders.

The basis for relief is the allegation that members of the Corporation Commission were influenced in approving rate increases in 1957 and 1963 by "contributions and favors" received from a lobbyist of Oklahoma Natural Gas Company. For this reason it is asserted the rate increases are void. There is no allegation that the rate increases were excessive or unconstitutional.

Plaintiffs' error in filing the case in this Court is based upon the erroneous assumption that rate orders of the Commission may be attacked as if they were judgments of a Court. It is universally recognized that the fixing of rate schedules for public utilities is a legislative process, and that a public service regulatory body acts in a legislative capacity in approving rate schedules. It necessarily follows that a rate order is a legislative enactment and not a judgment of a Court. Prentis v. Atlantic Coast Line, 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150; Pioneer T. and T. Co. v. State, 40 Okl. 417, 138 P. 1033; 43 Am.Jur. Public Utilities and Services, Sec. 226; City of Poteau v. American Indian Oil and Gas Co., 159 Okl. 240, 18 P.2d 523; Ft. Smith and W. Ry. Co. v. State, 25 Okl. 866, 108 P. 407; Community Natural Gas Co. v. Corporation Commission, 182 Okl. 137, 76 P.2d 393; Western Oklahoma Gas and Fuel Co. v. State, 113 Okl. 126, 239 P. 588.

In the last cited case this Court said, at page 591 of the Pacific Reporter that " * * in the last analysis an order of the Corporation Commission fixing rates is entitled to the same consideration as if the Legislature had fixed them * * *."

It is equally well settled that the judiciary cannot annul or pronounce void any act of the Legislature on any ground other than that of repugnancy to the constitution. Constitutionality of legislative acts is to be determined solely by reference to the limits imposed by the constitution. The Court may not inquire into the motives of the Legislature, as motives cannot be made a subject of judicial inquiry for the purpose of invalidating an act of the legislature. 16 Am.Jur.2d, Constitution Law, Secs. 158, 163, 169.

It is argued that this Court may vacate the Commission's rate orders established in 1957 and 1963 and order refunds without fixing rates for Oklahoma Natural Gas Company. In Consumers' Gas Co. v. Corporation Commission, 95 Okl. 57, 219 P. 126, this Court held that a natural gas utility is entitled to earn a reasonable return on its investment and a reasonable amount for depreciation and amortization. To hold otherwise would authorize the taking of private property without just compensation, contrary to constitutional provisions. How it is possible for this court to strike down the 1957 and 1963 rate orders and thus reestablish rate structures existing prior to 1957 without taking into consideration the financial requirements of the Company during a ten year period of constantly changing state and national economy without fixing rates has not been explained.

It is patent that we could not determine the amount of the alleged "overpayments" and order refunds without either legislating new rate schedules to replace the allegedly void ones, or legislatively placing in effect anew the rate schedules adopted by the Commission prior to 1957.

Under Oklahoma Constitutional provisions prior to 1941, this Court had power to legislatively review rate orders of the Commission and to legislatively establish new rates in *appellate* proceedings brought to this Court under Article 9, Section 20, of our Constitution. In that year, however, in extensive amendments to Article 9, Secs. 20, 21, 22, 24 and 34, the power of this Court to review legislatively the rate orders of the Commission was quite specifically cancelled. For a judicial treatment of the legal controversy leading to those amendments, and to the repeal of Section 23, of Article 9, see Cary v. Corporation Commission of Oklahoma, D.C., 9 F.Supp. 709, affirmed 56 S.Ct. 300, 296 U.S. 452, 80 L.Ed. 324. In Art. 9, Sec. 20, as amended, it is specifically provided that our review "shall be judicial only", and "shall not extend further than

to determine whether the Commission has regularly pursued its authority, and whether the findings and conclusions of the. Commission are sustained by the law .and substantial evidence".

■ Plaintiffs appear to be attempting a collateral attack upon the Commission's 1957 and 1963 rate orders which may not be done under the provisions of Art. 9, Sec. 24, Okl. Const., as amended.

Since this Court is without jurisdiction to grant the relief sought, the cause is dismissed.

· DAVISON, WILLIAMS, BLACK-BIRD, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.