All the Justices concur.

**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, as Chairman of the Rail Carriers of the State of Oklahoma, et al., Plaintiffs in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. 42810.**

Supreme Court of Oklahoma.

Dec. 8, 1970.

Franklin, Harmon & Satterfield, Oklahoma City, E. D. Grinnell, Jr., W. B. Kopper, St. Louis, Mo., for plaintiffs in error.

Charles O. Ham, Jr., Oklahoma City, for Oklahoma Corporation Commission.

WILLIAMS, Justice.

There is involved here an appeal by petitioners in error, a group of railroads, operating in Oklahoma from an order of the defendant in error, Corporation Commission of the State of Oklahoma, denying portions of their application for an increase in their rates in switching operations in the State of Oklahoma. Hereinafter reference to plaintiffs in error will be as "railroads" and to defendant in error as "Commission".

Railroads filed in the office of the Corporation Commission of the State of Oklahoma their petition seeking authority to increase their intra-state, intra-terminal, inter-terminal, intra-plant and reciprocal not-absorbed on Oklahoma intra-state traffic by ten percent and also authority to increase reciprocal not-absorbed switching charges by $4.00 per car.

Prior to the filing of the Oklahoma petition the Interstate Commerce Commission had granted the railroads authority to charge the rates referred to in their petition in interstate traffic. Railroads state that one of the purposes of their petition for increase is to establish uniformity in intra-state and interstate rates in Oklahoma.

No protest was filed to the petition of the railroads. Proper and legal notice was given to all necessary parties. A hearing was held before a referee of the Corporation Commission. No protestants appeared either in person or by counsel to contest the petition of the railroads. The Commission was represented at the hearing by its legal counsel who entered no contest to the petition.

At the conclusion of the evidence submitted by the railroads the referee submitted his written report to the Commission.

He found that the evidence "indicates" an increase in the "average out-of-pocket costs of providing switching service" and further "indicates that the out-of-pocket costs of providing intra-terminal, inter-terminal, and intra-plant switching of freight cars on the average exceeds the charge sought herein, however an operational traffic study was not made of Oklahoma switching operations with which to compare the general averages." The referee recommends that the "rail carriers be authorized to increase their intra-terminal, inter-terminal, and intra-plant switching charges by four per cent." He made no recommendations with reference to the allowance of additional charges on switching performed in connection with road haul movement, not-absorbed or to increase "reciprocal not-absorbed switching charges" by $4.00 per car.

The Corporation Commission "approved and adopted" the Report of the Referee with modifications "as the Report and Order of the Commission." The modification allows the railroads an increase of four per cent on "switching performed in connection with road haul movement not-absorbed" and authorizes the increase of four per cent on intra-plant switching, intra-terminal switching and inter-terminal switching, recommended by the referee.

Art. 9, § 20, Constitution of Oklahoma specifically provides that the review of this Court of rate orders of the Oklahoma Corporation Commission "shall be judicial only" and:

"* * * shall not extend further than to determine whether the Commission has regularly pursued its authority, and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence. * * *"

See Wiley v. Oklahoma Natural Gas Company, Okl., 429 P.2d 957.

Davis in his work "Administrative Law Treatise" Vol. 4, § 29.02, p. 118 defines "substantial evidence" as follows:

"In recent decades the principal guide to the meaning of substantial evidence has been a Supreme Court statement written by Chief Justice Hughes: 'Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' A later statement clarifies further: Substantial evidence 'means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred * * *. (I)t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' "

The author cites in support of his text statement Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217 83 L.Ed. 126 (1938) and NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939).

In Oklahoma Hardware Company v. Common Carrier Div. of Associated Motor Carriers of Oklahoma, Okl., 405 P.2d 87, in an appeal from a rate order of the Corporation Commission, we said:

"* * * the Commission must act upon 'substantial evidence' which is defined in Application of Choctaw Express Co., 208 Okl. 107, 253 P.2d 822, in the body of the opinion as follows:

'* * * In these cases we defined "substantial evidence" as something more than a "scintilla of evidence" and said it means evidence that possesses something of substance and of relevant consequences and such that carries with it fitness to induce conviction. * * *' "

The sole and only evidence submitted to the Corporation Commission and included in the record on appeal is the testimony of rate experts offered as witnesses by the railroads, together with exhibits identified by these witnesses. No contradictory evidence was submitted by the respondent Corporation Commission.

The evidence submitted by the railroads establishes that for several years they have

been furnishing the services outlined in their petition at a financial loss; and that if they were granted authority to increase the charges as requested in their petition they would still be furnishing the services at a financial loss as the increased revenue would be entirely inadequate to reimburse them for the out-of-pocket money expended in furnishing the services, not to mention "fully-distributed costs." The referee so holds in his report. There is nothing in the record tending to impeach applicants' evidence.

The increase on reciprocal not-absorbed switching charges if granted would merely permit the various railroads to more equitably adjust the charges for these services among themselves.

All of the requests for increases outlined in the petition of the railroads have been authorized by the Interstate Commerce Commission and are already in effect as applied to interstate traffic. The referee so states in his report.

We have held that a public utility is entitled to receive sufficient charges for its services "to earn a reasonable return on its investment" and, "to hold otherwise would authorize the taking of private property without just compensation contrary to constitutional provisions." Wiley v. Oklahoma Natural Gas Company, Okl., 429 P.2d 957; Consumers' Gas Co. v. Corporation Commission, 95 Okl. 57, 219 P. 126.

The order of the Corporation Commission grants the railroads authority to increase their charges on certain specified services, 4 per cent but the undisputed evidence establishes that even if the railroads were granted authority to increase their charges 10 per cent they still would be required to furnish the services at a financial loss. The order of the Corporation Commission amounts to a confiscation of the property of the railroads without due process of law.

The increase in charges requested here governing intra-state traffic have been approved by the Interstate Commerce Commission as being reasonable for inter-state traffic. While there is no rule requiring uniformity between interstate rates and intra-state rates the Corporation Commission should give consideration to the rates fixed by the Interstate Commerce Commission in fixing the intra-state rate for the same identical services. Atchison, T. & S. F. Ry. Co. v. State, 85 Okl. 223, 206 P. 236.

We have held that on appeals from the Corporation Commission it is our duty to reverse an order of the Corporation Commission not sustained by substantial evidence. St. Louis-San Francisco Ry. Co. v. State, Okl., 262 P.2d 168.

The order of the Corporation Commission is not sustained by substantial evidence.

Reversed.

All the Justices concur.