**TECUMSEH GAS SYSTEM, INC.,**
Appellant,

v.

**The STATE of Oklahoma, Appellee.**
**No. 47721.**

Supreme Court of Oklahoma.
June 24, 1975.

Blackstock, Joyce, Pollard & McInerney, by Rooney McInerney, Tulsa, Boren & Mattingly, by Jack A. Mattingly, Seminole, for appellant.

David Wick, Jr., Asst. Gen. Counsel, Oklahoma Corp. Comm., Oklahoma City, for appellee.

HODGES, Vice Chief Justice.

The Order of the Corporation Commission challenged in this appeal established rate schedules for a public utility. Tecumseh Gas System, Inc., (Tecumseh Gas) alleges that the rate schedules were established without determination of either a rate base or a percentage rate of return, and these are necessary prerequisites to proper determination of rate schedules. It is asserted that failure to include them is violative of Art. 9 § 20 of the Oklahoma Constitution. We agree.

The application for rate increase was assigned to a referee for hearing. The Commission adopted the report and recommendations of the referee in all respects.

The report of the referee did not make a finding as to the value of the rate base for rate making purposes, a finding of a percentage of return to apply to the rate base to determine computation of revenue as profit to the company, nor a determination of the company's expected business expenses. Instead, the amended report of the referee stated:

"It appears to the Referee that one of the big differences between the Auditor for the Applicant and the Auditor for the Commission is what they consider the rate base should be.

The Referee having considered the original depreciation cost as a rate base, and the present reproduction cost less depreciation as a rate base, finds that the following rates will be fair, just, and equitable and give the Applicant a *reasonable rate* of return on its investment. * * *" (Emphasis ours.)

The Order made no determination of the fair value of Tecumseh Gas. The conflicting evidence ranged from $1,571,935.00 based on reproduction cost less accumulated depreciation presented by Tecumseh Gas to $40,008.03 urged by the Commission using original cost less accumulated depreciation. The Commission's brief argues that these figures are the highest possible and the lowest possible and the "true rate base probably lies somewhere in between," i. e., the order is not based on a determination of these factors but on a guesstimate.

In Application of Oklahoma Natural Gas Co., 406 P.2d 273, 277 (Okl.1965) we said:

"The rate base method of setting rates, stated in an overly-simplified manner, is substantially as follows:

1. Determination of an amount, called the "rate base", upon which the Company should be permitted to make a profit. This amount is based upon actual appraisals of the Company properties, and no consideration is given to the number of shares of stock outstanding, or to the value thereof.

2. Determination of a percentage rate of return (6.25% in this case) to apply to the rate base to determine the amount, in dollars, to be allowed to the Company as profit or net income.

3. Determination of the Company's expected expenses in the conduct of the business, including such things as operating expenses, depreciation, taxes, etc.

4. Determination of rate schedules sufficient to repay to the Company its expenses in the conduct of the business, plus an amount, as profit, as determined in (2) above.

It is further contended by Tecumseh Gas that the order of the Commission disallowed essential business expenses of the Company. The Retirement fund and the salary for the assistant manager were not allowed. The manager's salary was allowed at the rate of $800.00 per month instead of $1,000.00 per month which he had received prior to a reduction necessitated by the fiscal condition of the company.

The testimony was undisputed that these were all necessary operating expenses and the only reason they were reduced or suspended was lack of adequate funds to sustain them. It appears that the Commission disallowed these expenses because they were not being paid. This fact alone was not sufficient to deny or disallow them.

Because of the Commission's failure to determine the rate base and a percentage rate of return, it cannot be held that the findings and conclusions of the Commission are sustained by the law and the evidence as required by the Oklahoma Constitution Art. 9 § 20. See General Telephone Company of Southwest v. State, 484 P.2d 1304, 1306 (Okl.1971).

The order is reversed and the cause remanded to the Commission for further proceedings.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.