**TECUMSEH GAS SYSTEM, INC., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. 49287.

Supreme Court of Oklahoma.

Feb. 1, 1977.

As Amended Feb. 2, 1977.

Rehearing Denied June 27, 1977.

Houston & Klein, Inc. by Rooney McInerney, Tulsa, Mattingly, Dawson & Conyers by Jack A. Mattingly, Seminole, for appellant.

Oklahoma Corp. Commission by Jack A. Swidensky, Gen. Counsel, Oklahoma City, for appellee.

BARNES, Justice.

Appeal by Appellant, Tecumseh Gas System, Inc., from a decision of the Corporation Commission, hereinafter referred to as Commission, in the matter of the Application of Appellant for authority to increase its gas rates, Case No. 25144, Order No. 117515, rendered October 22, 1975.

Appellant alleges that the decision of the Commission establishes a rate base for the

utility which is totally inadequate and confiscatory. Appellant seeks in this appeal permission to establish rates to be charged by the Tecumseh Gas System, Inc., which will permit a fair rate on the value of its property.

Appellant is an operating public utility engaged in the distribution and sale of natural gas at retail for residential and commercial purposes in the Town of Tecumseh, Oklahoma, and surrounding areas. Appellant filed its Application for authority to increase its gas rates on February 13, 1974, in Cause No. 25144 before the Commission. Order No. 106829 in Cause No. 25144 granted a partial increase in gas rates. Appellant appealed this allegedly inadequate increase to this Court in *Tecumseh Gas System, Inc. v. The State of Oklahoma*, 537 P.2d 421 (Okl.1975). In that case we reversed the Order of the Commission which set out a schedule of gas rates and remanded to the Commission for further proceedings. We said therein:

"Because of the Commission's failure to determine the rate base and a percentage rate of return, it cannot be held that the findings and conclusions of the Commission are sustained by the law and the evidence as required by the Oklahoma Constitution Art. 9 § 20. See *General Telephone Company of Southwest v. State*, 484 P.2d 1304, 1306 (Okl.1971)."

Upon remand to the Commission, Appellant sought a hearing consistent with the decision of the Supreme Court directing the Commission to conduct proceedings to determine a rate base and a percentage rate of return to Appellant. The Commission requested that Appellant update its data and information from the test year employed in the record to July 31, 1975, so that the information would be as current as possible, and Appellant acquiesced.

The Commission's Order No. 117515, which is the subject of the present appeal, states that the Commission considered the books of the Applicant, the Applicant's replacement cost estimate study, the annual and monthly reports by the Applicant to the Commission, the consumer price index (CPI) trended net plant investment and the CPI plant and depreciation reserve and then found that the fair value of the plant in service as of July 31, 1975, was $95,125.00 and that a fair rate of return was 7.46%. The Commission agreed that the replacement cost new of the plant at today's prices would be approximately the dollar figure the Applicant proposed, $1,943,200.00, but found that said figure totally ignored the present age and condition of the plant.

Appellant asserts the Commission has, in effect, established a rate base which sustains its previous Order establishing rate schedules without giving any substantial consideration to the reproduction costs.

Following issuance of the Order now appealed, Appellant filed its Petition for Ancillary Relief, seeking to post bond to supersede said Order which it complained of as not granting the proper rate. This Court, by Order dated June 25, 1976, denied both Appellant's Application for an additional increase in temporary rates and the request for the granting of a supersedeas bond, pending appeal of the case on the merits.

The issue herein is what is the "fair value" of plant in service on which the Appellant company is entitled to make a fair rate of return, and, further, what is a fair rate of return?

Appellant urges it is entitled to earnings on the reproduction cost new of the plant less current accrued depreciation taken from the books on the basis of the original cost of plant. The thrust of Appellant's evidence is that the "fair value" of the property is what it would cost to duplicate it at valuation date, reduced by the current accumulated depreciation. Proceeding on this basis the Appellant asserts that its property had a fair value as of July 31, 1975, of $1,943,200.00.

The Commission's Order, dated October 22, 1975, stated it could not accept Appellant's theory for rate-making purposes for several reasons: (1) First, because Appellant does not intend to reproduce or replace the plant; (2) because this theory totally ignores the present age and condition of the

plant, obsolescence, etc.; and (3) because no utility would construct a completely new plant system today to be like their existing plant, the majority of which was constructed between 1925 and 1928.

The Commission's October 22, 1975, Order concluded by stating:

" * * * we determine and agree with the developed staff figures that the fair value of plant in service as of July 31, 1975 is $95,125. Computing the revenues and income of the Applicant and the rate increase previously granted, we find that computes to a percentage rate of return of 7.46% which under this Company's capitalization, location and operation, is a sufficient and fair rate of return. We therefore deny any additional increase as proposed by the Applicant."

Appellant contends the Commission's Order is not sustained by the evidence or law as required by Article IX, § 20, Oklahoma Constitution. Appellant urges many factors can be employed in establishing a rate base for the large public utilities, but asserts the same theory is not available in establishing a rate base for a small public utility. In support of its position it relies on *Okmulgee Gas Company v. Corporation Commission*, 95 Okl. 213, 220 P. 28 (1923), which states at page 31:

" * * * We believe it must be conceded in a small property, like the one under consideration, it seldom, if ever, has stocks or bonds upon the market, and its earning power depends entirely upon the rate authorized by the rate-regulating tribunal. Hence it is clear that the rate-making tribunal is practically reduced to the consideration of the original cost and reproduction new, less depreciation, to determine the reasonable value of the property."

Appellant further relies on *General Telephone Company of the Southwest v. State*, 484 P.2d 1304 (Okl.1971), in which this Court stated findings of plant investment reached without substantial consideration to reproduction cost, less depreciation, would not be sustained by the law and the evidence.

Appellant contends the rates established by the Commission's Order operate to confiscate Appellant's property devoted to the public use in contravention of the Oklahoma Constitution. Appellant relies on *Cities Service Gas Company v. Federal Power Commission*, 155 F.2d 694 (10th Cir. 1946), for the proposition that the Commission has a legal obligation to establish a rate base and percentage rate of return, which would enable the company to operate successfully, to maintain its financial integrity, to attract capital, and to compensate its investors for the risks assumed.

Commission notes that Appellant's figures of reproduction cost new are not based on actual observed appraisals of the plant value, age, condition, or obsolescence, while the Commission took technological and maintenance obsolescence into account in making the current fair value determination. Commission asserts if Appellant's theory is accepted it would mean approximately a 450% increase in revenue and charges to its ratepayers, who would still be served by an antiquated gas system.

The Oklahoma Legislature did not establish any formulae or guidelines to assist the Commission in arriving at the "fair value" of property devoted to the public service in Oklahoma. However, in *Oklahoma Natural Gas Co. v. Corporation Commission*, 90 Okl. 84, 216 P. 917 (1923), this Court approved the following formula for establishing a rate base (fair value):

"In determining the present fair value of the property of a public utility, *neither original cost nor reproduction cost new, considered separately, are determinative*, but consideration should be given to both original cost and present reproduction cost, less depreciation, together with all the other facts and circumstances which would have a bearing upon the value of the property, and from a consideration of all these a fair present value is to be determined." (Emphasis ours)

In *Pioneer Telephone & Telegraph Co. v. Westenhaver*, 118 P. 354 (Okl.1911), it was held that using only the original cost less depreciation to establish a rate base could

be grossly unfair either to the rate-paying public or to the utility company, depending upon whether the price of materials and installation costs had gone up or down since the original investment.

We held in *Southwestern Bell Telephone Co. v. State*, 230 P.2d 260 (Okl.1951), in effect, that any method of establishing a rate base was proper so long as the end result was fair.

In the *General Telephone Company case, supra*, relied on by Appellant, we stated that the formula used therein, commonly called the "fair value rule", has been generally followed in most other jurisdictions. 43 Am.Jur. Public Utilities and Services, Sections 105, 110, and 112.

■ Contra to Appellant's arguments herein, we find the Commission did not restrict its consideration, in determining the value of the plant, to original cost depreciated, nor accept reproduction cost new as being conclusive. As previously stated, the Commission considered:

"* * * the books of the Applicant, the Applicant's replacement cost estimate study, the annual and monthly reports by the Applicant to the Commission, the CPI trended net plant investment and the CPI plant and depreciation reserve, * * *."

The Oklahoma Constitution, Article IX, § 20, provides, with respect to appeals from orders of the Corporation Commission:

"* * * The Supreme Court's review of appealable orders of the Corporation Commission shall be judicial only, and in all appeals involving an asserted violation of any right of the parties under the Constitution of the United States or the Constitution of the State of Oklahoma, the Court shall exercise its own independent judgment as to both the law and the facts. In all other appeals from orders of the Corporation Commission the review by the Supreme Court shall not extend further than to determine whether the Commission has regularly pursued its authority, and *whether the findings and conclusions of the Commission are sustained by the law and substantial evidence.* Upon review, the Supreme Court

shall enter judgment, either affirming or reversing the order of the Commission appealed from." (Emphasis ours)

In *Central Oklahoma Freight Lines, Inc. v. Corporation Commission*, 484 P.2d 877 (Okl.1971), we defined the term "substantial evidence.":

"The term 'substantial evidence' means something more than a scintilla of evidence and means evidence that possesses something of substance and of relevant consequence such as carries with it fitness to induce conviction, and is such evidence that reasonable men may fairly differ as to whether it establishes a case."

■ In the instant case the determination of whether there is substantial evidence in support of the Commission's Order does not require that the evidence be weighed, but only that the evidence in support of the order be examined to see whether it meets the aforementioned test. *Texas County Irrigation and Water Resources Association v. Dunnett*, 527 P.2d 578 (Okl. 1974); *City of Edmond v. Corporation Commission of Oklahoma*, 501 P.2d 211 (Okl. 1972).

In the *Dunnett case, supra*, we said:

"* * * we will not consider, for the purpose of determining preponderance or comparative weight,, both the evidence tending to support the order, and that which does not, because of our Constitution-mandated limitation of power [*Crews v. Champlin Oil & Refining Co.*, Okl., 413 P.2d 508] and the presumption of correctness that accompanies appeals from that tribunal in matters it frequently adjudicates and in which it possesses expertise. * * * (cases cited)."

■ After examining the record and applying the above-described test, we cannot say that the subject Order establishing the rate base did not take into consideration all of the factors necessary in determining a fair rate base. Nor can we say that the challenged findings constitute an unfair determination not substantially supported by the evidence.

In accord with the views expressed herein, we have concluded that the Order appealed from is neither contrary to law nor without sufficient evidentiary support and is affirmed.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY and SIMMS, JJ., concur.